In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Woodhaven Boulevard, from Liberty Avenue to Vandalia Avenue; Redding Street, from One Hundred and Thirty-fifth Street to Pitkin Avenue; One Hundred and Forty-ninth Avenue, from Woodhaven Boulevard to Old South Road and Albert Street, from Woodhaven Boulevard to Old South Road, in the Borough of Queens, City of New York, as Amended by an Order of the Supreme Court of the State of New York, Second Judicial District, Dated June 9, 1924, and Entered in the Office of the Clerk of the County of Queens June 10, 1924, so as to Provide for the Acquisition of Title to Woodhaven Boulevard and Jamaica Bay Boulevard, from Liberty Avenue to the United States Bulkhead Line of Jamaica Bay; Sutter Avenue from Ninety-second Street to Woodhaven Boulevard; Redding Street, from One Hundred and Thirty-fifth Avenue to Pitkin Avenue; Pitkin Avenue, from Redding Street to Woodhaven Boulevard; One Hundred and Forty-ninth Avenue from Woodhaven Boulevard to Old South Road; and Albert Street from Woodhaven Boulevard to Old South Road, in the Borough of Queens, City of New York, in Accordance with the Resolution of the Board of Estimate and Apportionment, Adopted on March 28, 1924. THE CITY OF NEW YORK, Appellant; CAUSEWAY BOULEVARD CORPORATION, Respondent.— Decree, in so far as appealed from, affirmed, with costs. The decision of the court does not carry with it a determination of rights as between the claimant and its vendees. It may be that rights exist in these vendees, as against the claimant, because of the effect of this decision upon them, which rights may be enforced in a separate action. Lazansky, P. J., Kapper and Carswell, JJ., concur; Rich, J., dissents and votes for reversal, being of opinion that the contracts were entered into in reliance upon the sales map; that their contents may not have been carefully scrutinized; and that the purchasers acquired an easement of necessity notwithstanding the clause in question. Scudder, J., concurs with Rich, J.

J. WILLIAM LEE, Respondent, v. AMERICAN EMPLOYERS' INSURANCE COMPANY, Appellant.— Order and judgment affirmed, with costs. No opinion. Rich, Kapper and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote for reversal and a new trial.

HARRY LEFTON and MORRIS JACOBSON, Respondents, v. JACOB CARNER, Appellant. MIRIAM WIENER, Defendant.— Judgment as against defendant Carner unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.